`UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**ANTHONY SADLER**                                                                              **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 5:21-CV-P63-TBR**

**WELLPATH et al.**                                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Anthony Sadler, currently a prisoner at the Little Sandy Correctional Complex (LSCC), initiated this 42 U.S.C. § 1983 civil-rights action against Wellpath, the healthcare provider to inmates within the Kentucky Department of Corrections (KDOC), KDOC, and employees at two different facilities where he was housed: the Northpoint Training Center (NTC) and the Kentucky State Penitentiary (KSP).

The complaint alleges deliberate-indifference claims related to a clavicle injury sustained while he was housed at NTC. He remained at NTC for approximately seven months. He was then transferred to KSP where he continued to seek treatment for his injury.

Federal Rule of Civil Procedure 20 states in relevant part,

Persons . . . may be joined in one action as defendants if:

    (a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

    (b) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). A federal court may consider many different factors when determining whether civil rights claims arise from the same transaction or occurrence, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the

defendants were at different geographical locations." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 661 (2009) (internal quotation marks and cite omitted).

After reviewing Plaintiff's complaint, the Court concludes that Plaintiff's claims against the NTC Defendants do not arise out of the same transaction or occurrence as the KSP Defendants. Although at both locations Plaintiff sought treatment for his clavicle injury, his claims arise from the alleged actions or inactions of each individual Defendant at different times, at different locations, and at different stages of treatment. Additionally, NTC is not located in this judicial district; it is located in the Eastern District of Kentucky

Having concluded that the NTC Defendants have been improperly joined, the Court must decide on an appropriate remedy. Federal Rule of Civil Procedure 21 provides, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The manner in which a trial court handles misjoinder lies within that court's sound discretion." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988). As this Court has explained:

> Rule 21 gives the court discretion to make three types of orders. The court may add parties, drop (dismiss) parties, and may sever '[a]ny claim against a party.'" 4-21 Moore's Federal Practice-Civil § 21.02 (internal quotation omitted). 'Severance under Rule 21 results in separate actions." *Id*. at § 21.06. "As with any case in federal court, [the severed action] may be transferred under appropriate circumstances . . . . Indeed, the fact that a claim might be subject to transfer to a more appropriate venue is a valid reason to order severance." *Id*.

*Jones v. Pancake*, No. CIV.A. 3:06CV-P188-H, 2007 WL 4104568, at *3 (W.D. Ky. Nov. 14, 2007).

After carefully considering the issues and weighing its options under Rule 21, the Court concludes that the most economical and just manner in which to proceed is to sever Plaintiff's

claims against the NTC and Wellpath Defendants at NTC and then transfer them to the Eastern District of Kentucky, the judicial district in which NTC is located, *see* 28 U.S.C. § 97(a), and where venue over the claims is most appropriate. *See* 28 U.S.C. § 1404(a).

For the foregoing reasons, **IT IS ORDERED** that the claims against the following Defendants are **SEVERED**: Dr. Angela Clifford, Shelli Votow, Dawn Patterson, Denise Burket, Stephanie Thompson, Jai-Esha Parks, Margaret Franchere, Austin Bowman, Alisha Wells, Angela Oakes, Patricia Carey, Mary Murphy, Mark Meyerman, Pratul Patel, James Hawkins, Ashley Vanmeter, Warden Brad Adams, Jann Edington, U.A. Hawkins, Ofc. Garret, and Ofc. Coconougher.

The Clerk of Court is **DIRECTED** to **terminate** Defendants Clifford, Votow, Patterson, Burket, Thompson, Parks, Franchere, Bowman, Wells, Oakes, Carey, Murphy, Meyerman, Patel, James Hawkins, Vanmeter, Adams, Edington, U.A. Hawkins, Garret, and Coconougher as parties to this action.

Pursuant to Rule 21, the Clerk of Court is **DIRECTED** to open a new civil action with the complaint (DN 1) as the complaint and the above-listed Defendants as Defendants in the new action. The instant Memorandum Opinion and Order shall be docketed in the new action.

The Clerk of the Court is **FURTHER DIRECTED** to **TRANSFER** the newly opened action to the United States District Court for the Eastern District of Kentucky, Central Division at Lexington.

Date: January 25, 2022

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Counsel of record
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
Clerk, EDKY, Central Division at Lexington
4413.009