UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

ANTHONY SADLER                                                               PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:21-CV-P63-TBR

WELLPATH et al.                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Anthony Sadler, currently a prisoner at the Little Sandy Correctional Complex, initiated this 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's action will be dismissed in part and allowed to continue in part.

**I. STATEMENT OF CLAIMS**

Plaintiff brings claims of deliberate indifference to a serious medical need under the Eighth Amendment while he was housed at the Kentucky State Penitentiary (KSP). Plaintiff names as Defendants in their official and individual capacities Wellpath, a healthcare provider to inmates within the Kentucky Department of Corrections (KDOC); Anna D'Amico, Wellpath doctor at KSP; KSP Warden Scott Jordan; and Kristen Ponzetti, KSP Health Service Administrator. He names as Defendants in their individual capacities Karen Ramey, Wellpath APRN at KSP; Cookie Crews, KDOC Commissioner and Medical Director, and Randy White, acting KDOC Commissioner; and Wellpath President Jeff Traczewski.

Plaintiff alleges that Defendants were deliberately indifferent regarding treatment for a clavicle injury which he sustained at the Northpoint Training Center (NTC) approximately seven

months before he was transferred to KSP.[1]  According to the complaint, during his time at NTC he was transported to see Dr. Kamineni, an outside orthopedist at the University of Kentucky (UK) Medical Center, who stated that surgery may be required to fix the clavicle; that Plaintiff could try physical therapy (PT) for 90 days to see if that worked; but that, if PT was too painful, Plaintiff could request the surgery anytime.

It appears that Plaintiff was transferred to KSP around mid-August to mid-September 2020.  He states that upon arrival he informed the on-duty nurse of "his ongoing medical emergency, his dislocated clavicle."  He states that due to the COVID-19 pandemic he was placed in "quarantine," which he argues was actually isolation because there were no cases of COVID at NTC or KSP, and that during that time he requested to see a doctor at least eleven times.  He alleges that he was finally told that he could not be seen until he was out of "quarantine" and that he had an appointment at the UK Medical Center on September 21, 2020.  He states that he was not taken to his September appointment due to his placement in "quarantine."

According to Plaintiff, he was taken to the UK Medical Center for an orthopedic consultation with Dr. Kamineni on October 13, 2020.  He states that Dr. Kamineni told him he would need to come back for an MRI.

Plaintiff states that Defendant Ramey advised him on November 13, 2020, to do 90 more days of PT.  According to the complaint, on December 12, 2020, he was sent for an MRI, but the MRI machine was not able to do the requested MRI.  The complaint, which Plaintiff signed on

---

[1] Plaintiff brought claims against employees at NTC in his complaint.  Those claims have been severed from this action.  *See* DN 20.

May 13, 2021, alleges that while at KSP he placed at least 20 sick calls, but that D'Amico and non-Defendant Karen Jerrigan refused to see him.[2]

Finally, Plaintiff alleges that due to a change in its formulary Wellpath has discontinued his prescription for gabapentin, which it is no longer providing to any inmates. He states that he has been on gabapentin since 2019 and that, although it is a mood stabilizer, it is also used for pain relief and that nothing else has worked as well as gabapentin for him. Plaintiff alleges that Wellpath "has a policy of restricting and/or delaying, if not outright denying medical treatment, prescriptions, surgery and/or follow-up care ordered by a doctor when such care is expensive" and that Wellpath has a custom "to provide the cheapest means of treating inmates, even if that means outright refusing treatment."

Plaintiff asks for compensatory damages and injunctive and declaratory relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint

---

[2] The Court notes that at the same time he filed his complaint, Plaintiff also filed a motion for preliminary injunction. In response to the preliminary injunction motion, Defendants explained that on May 20, 2021, Plaintiff received surgical correction of his clavicle.

3

must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Official-capacity claims against Defendants Jordan and Ponzetti

Plaintiff's claims against these KSP employees in their official capacity are the same as suing the entity which employees them, KSP.

KSP is part of KDOC, which is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250(1). A state, its agencies, and employees sued in their official capacities, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 121 F.3d 707, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997) ("The prison is a state agency. . . . A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983."). Because neither KSP nor KDOC is a "person" under § 1983, the Court will dismiss the claims against these Defendants for failure to state a claim upon which relief may be granted.

### B. Individual-capacity claim against Defendant Jordan

Plaintiff also sues Defendant Jordan in his individual capacity. Plaintiff claims that he mailed a sick-call to Defendant Jordan, and that Defendant Jordan denied it and returned it to him. Plaintiff alleges that Defendant Jordan has the "duty to inquire into the Plaintiff's 'sick-calls' being denied and ignored . . . [and] to forward the 'sick-call' to medical to ensure the Plaintiff was receiving medical attention for his injury." He also alleges that Defendant Jordan "has no written policy that explains or sets forth procedures for inmates to follow to receive healthcare when the prison is 'locked down.'" He further alleges that Defendant Jordan failed to

4

provide competent medical staff and to remedy systemic deficiencies in staffing, facilities, and procedures; failed to ensure that Plaintiff received emergency medical treatment; and improperly rejected his sick call request.

The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Here, Plaintiff's allegations do not give rise to a reasonable inference that Defendant Jordan, as Warden, had any personal involvement in the decisions denying Plaintiff the treatment he sought. *See, e.g.*, *Faulkner v. Corizon Health Care Corp.*, No. 3:13-CV-0654, 2013 WL 3465293, at *4 (M.D. Tenn. July 10, 2013) (finding warden could not be held liable under § 1983 for denial of medical treatment absent a showing that the defendant was personally involved in some manner in the unconstitutional conduct). And, Plaintiff's assertions that Defendant Jordan failed to act by not forwarding his sick-call request, ensuring he received medical care, instituting policies, and providing staffing do not state a § 1983 claim. *See Shehee*, 199 F.3d at 300 (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). The individual-capacity claims against Defendant Jordan will be dismissed for failure to state a claim upon which relief may be granted.

### *C. Individual-capacity claims against Defendants White and Crews*

Plaintiff sues Defendant White, acting KDOC Commissioner, and Defendant Crews, KDOC Commissioner and Medical Director, in their individual capacities. Plaintiff states that he wrote Defendant White to notify him that he had a dislocated clavicle while he was at NTC and that he was being denied treatment. He alleges that neither Defendant White nor Defendant Crews intervened to help Plaintiff and failed to remedy systemic deficiencies, thereby failing to provide Plaintiff with needed medical treatment.

As with Defendant Jordan, Plaintiff fails to state a claim against these Defendants because he does not allege any personal involvement in the decisions denying treatment on the part of Defendants White and Crews. *See, e.g.*, *Frieszell v. Dep't of Corr.*, No. 3:20-CV-P509-RGJ, 2020 WL 6066174, at *4 (W.D. Ky. Oct. 14, 2020) (finding that unless it is shown that the KDOC supervisor encouraged the specific incident of misconduct or in some other way directly participated prisoner-plaintiff fails to state a § 1983 claim). The claims against Defendants White and Crews will be dismissed.

### *D. Individual-capacity claims against Defendants D'Amico, Ponzetti, and Ramey*

The Eighth Amendment protects convicted prisoners from "cruel and unusual punishments." U.S. Const. amend. VIII. The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners may constitute the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

Upon review of Plaintiff's allegations, the Court will allow the Eighth Amendment claims for deliberate indifference to a serious medical need related to his clavicle injury to proceed against Defendants D'Amico, Ponzetti, and Ramey in their individual capacities.

***E. Defendant Wellpath and official-capacity claims against Defendants D'Amico and Ponzetti***

Plaintiff alleges that Wellpath "has a policy of restricting and/or delaying, if not outright denying medical treatment, prescriptions, surgery and/or follow-up care ordered by a doctor when such care is expensive" and that Wellpath has a custom "to provide the cheapest means of treating inmates, even if that means outright refusing treatment."

Plaintiff's claims against Defendants D'Amico and Ponzetti are the same as suing the entity which employees them and thus are redundant to his claims against Defendant Wellpath. *See, e.g.*, *Williams v. Ferguson*, No. 3:20-CV-P369-DJH, 2020 WL 3511590, at *4 (W.D. Ky. June 29, 2020). The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as Wellpath.[3] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*, 436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Id.*; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

Upon review, the Court will allow Plaintiff's Eighth Amendment claims to continue against Defendant Wellpath.

---

[3] "It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

*F. Individual-capacity claim against President of Wellpath*

Although Plaintiff names Defendant Wellpath President Jeff Traczewski, in his individual capacity, he does not allege any personal involvement by him in the alleged constitutional violations.

As stated above, the doctrine of *respondeat superior,* or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Consequently, the Court will dismiss the claim against Wellpath President Jeff Traczewski for failure to state a claim upon which relief may be granted. *See Monell*, 436 U.S. at 691; *Grinter*, 532 F.3d at 575.

*G. Injunctive and declaratory relief*

Plaintiff asks for injunctive relief from Defendants Wellpath, D'Amico, Jordan, and Ponzetti. Plaintiff is no longer housed at KSP. Because Plaintiff has been transferred to another facility, his requests for injunctive and declaratory relief insofar as they relate to KSP are moot. *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)).

As to Defendant Wellpath, Plaintiff has now received the surgery and his requested relief regarding the surgery is moot. However, Plaintiff also asks for injunctive relief in the form of renewing his prescription for gabapentin or to provide him another medication. The Court will allow this claim for injunctive relief to proceed against Defendant Wellpath.

## III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claims against Defendants Jordan and Ponzetti are **DISMISSED** for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief pursuant to 28 U.S.C. § 1915A(b)(1) and (2); the individual-capacity claims against Defendants Jordan, Crews, White, and Traczewski are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1); and the claim for injunctive relief related to the surgery is **DISMISSED as moot**.

The Clerk of Court is **DIRECTED** to terminate Defendants Scott Jordan, Cookie Crews, Randy White, and Jeff Traczewski.

<u>The Court will allow the Eighth Amendment deliberate-indifference claims to continue against Defendant Wellpath and Defendants D'Amico, Ponzetti, and Ramey in their individual capacities</u>.

To govern the development of the remaining claims, the Court will enter a separate Service and Scheduling Order.

Date: January 31, 2022

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:  Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009